IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. 2:17-cv-00055-DLB-CJS

ANGELA WILSON                                                                     PLAINTIFF

v.

EQUIFAX INFORMATION SERVICES, LLC                             DEFENDANTS

    **Serve:**
    The Prentice Hall Corporation System
    421 West Main Street
    Frankfort, KY 40601

TRUPARTER CREDIT UNION, INC.
c/o KATHY HAAS, Registered Agent
1717 Western Avenue
Cincinnati, OH 45214

    **Serve:**
    KENTUCKY SECRETARY OF STATE

## FIRST AMENDED COMPLAINT

The Plaintiff, Angela Wislon, by counsel, for her First Amended Complaint against Defendant, Equifax Informaiton Services, LLC and TruPartner Credit Union, Inc., states as follows:

### INTRODUCTION

    1.    This is an action for actual damages, statutory damages, and punitive damages brought by Plaintiff against the Defendants for willful, knowing, and/or negligent violations of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1681 et seq. (known as the "Fair Credit Reporting Act", hereafter the "*FCRA*"), which relates to the compilation and dissemination of

consumer credit and other financial information. Plaintiff also asserts claims against the Defendants under state law for intentional or negligent infliction of emotional distress.

## JURISDICTION AND VENUE

2. Plaintiff Angela Wilson a resident of Madison, Jefferson County, Indiana.

3. Defendant, Equifax Information Services, LLC ("***Defendant***" or "***Equifax***"), is a limited liablity company organized and existing under the laws of the State of Georgia and is engaged in the business of acquiring, using, furnishing, and disseminating consumer information in the Commonwealth of Kentucky. Equifax has principal offices located in Atlanta, Georgia. Equifax is a "consumer reporting agency", as said term is defined and/or contemplated in the FCRA, with respect to the matters referenced herein.

4. Defendant TruPartner Credit Union, Inc. ("***TruPartner***"), is a non-profit corporation organized and existing under the laws of the state of Ohio. Defendant TruPartner is in the business of making and servicing consumer loans in the Commonwealth of Kentucky. Defendant TruPartner has principal offices located in Cincinnati, Ohio. At all pertinent times herein, TruPartner was a "furnisher," as said term is defined and/or contemplated in the FCRA, with respect to the matters referenced herein.

5. This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1331, 28 U.S.C. 1441, and 15 U.S.C. § 1681p.

6. Venue in this Court is proper because this action was removed from the state court in this judicial district, the Plaintiff resided in this district at pertinent times, the conduct complained of occurred here, and Defendants transact business in this judicial district,

## FACTS

7. In or around May 2015, Plaintiff sought to purchase a home to use as her primary residence. To finance the purchase, Plaintiff applied for a home loan with one or more lenders. However, Plaintiff's requests for credit were denied based on false, derogatory information in her Equifax consumer report furnished by TruPartner, including numerous late payments.

8. Thereafter, Plaintiff disputed the inaccurate information with TruPartner and Equifax, but to no avail. As a result, Plaintiff was unable to obtain a loan to purchase the home.

9. In or around October 2015, Plaintiff sought to purchase another home to use as her primary residence. To finance the purchase, Plaintiff applied for a home loan with one or more lenders. However, Plaintiff's requests for credit were denied based on the false late payment information in her Equifax consumer report furnished by TruPartner. As a result, Plaintiff was unable to obtain a loan to purchase the home.

10. On or about December 9, 2015, Plaintiff disputed the inaccurate information in her consumer file with Equifax. On or about December 24, 2015, Equifax completed its reinvestigation. However, Equifax failed to provide Plaintiff with the results of its reinvestigation and continued to report the late payment information.

11. In or around December 2015, Equifax removed the TruPartner late payments, but re-inserted the information the following month, January 2016, without notifying Plaintiff.

12. In or around June of 2016, Plaintiff sought to purchase another home to use as her primary residence. To finance the purchase, Plaintiff applied for a home loan with one or more lenders. However, Plaintiff's requests for credit were denied based on the false late payment

information in her Equifax consumer report furnished by TruPartners. As a result, Plaintiff was unable to obtain a loan to purchase the home.

13. On or about June 24, 2016, TruPartner sent Equifax a universal data form with the corrected account information relating to Plaintiff (no late payments).

14. On or about July 12, 2016, Polaris Home Funding Corporation denied Plaintiff's loan application based on 28 late payments on the TruPartner account.

15. In or around July of 2016, Plaintiff sought to purchase another home to use as her primary residence. To finance the purchase, Plaintiff applied for a home loan with one or more lenders.

16. On or about August 11, 2016, a prospective lender, Geneva Financial, LLC, denied Plaintiff's home loan application because Equifax failed to give a credit score for Plaintiff. As a result, Plaintiff's loan application was denied. Although she could not be on the loan, her husband was able to obtain sufficient financing to purchase the home.

17. On or around August 24, 2016 and thereafter, Plaintiff requested her consumer disclosure and score from Equifax and disputed the completeness of her file. Equifax responded by requesting additional information from Plaintiff, which she provided. However, Equifax ultimately failed to provide a consumer disclosure or credit score to Plaintiff.

18. Thereafter, in November 2016, Plaintiff applied for a loan to cover funeral expenses for her daughter. The loan application was denied based on the incomplete or false information in Equifax's file, or the absence of a credit score, or both.

19. As a direct and proximate result of the conduct of Defendants, Plaintiff suffered actual damages, including but not limited to emotional and mental anguish, turmoil, stress,

embarrassment, humiliation, emotional distress, inconvenience, loss of privacy, credit denials, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, postage and other expenses, and decrease to her credit score, credit rating, and perceived credit worthiness.

20. The Defendants' conduct and/or inaction as alleged herein was intentional, malicious, fraudulent, oppressive, and was carried out in reckless disregard for the rights of Plaintiff, warranting imposition of the maximum statutory penalties under the law and punitive damages.

## COUNT I
## WILLFUL NONCOMPLIANCE WITH THE FCRA

21. Between approximately May 2015 and the present, Defendant, Equifax, willfully failed to comply with the requirements of the FCRA, by, inter alia:

   a. failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff in her consumer file, in violation of 15 U.S.C. § 1681e(a);

   b. failing to conduct a reasonable reinvestigation to determine whether the information disputed by Plaintiff is inaccurate and record the current status of the disputed information, or delete the item from the file, within thirty (30) days of receipt of Plaintiff's dispute, in violation of 15 U.S.C. § 1681i(a)(1)(A);

   c. failing to disclose all information in Plaintiff's consumer file to Plaintiff upon request, in violation of 15 U.S.C. § 1681g(a);

   d. failing to disclose a current credit score and related information to Plaintiff upon request, in violation of 15 U.S.C. § 1681g(f);

  e. reinserting previously deleted material (late payments) without obtaining a certification from the furnisher of the information (TruPartner) that the information was accurate, in violation of 15 U.S.C. § 1681i(a)(5)(B)(i);

  f. failing to notify Plaitniff that it reinserted previously deleted material, in violation of 15 U.S.C. § 1681i(a)(5)(B)(ii);

  g. failing to notify Plaintiff that previously disputed information was reinserted into her credit file, in violation of 15 U.S.C. § 1681i(a)(5)(B)(iii)(I);

  h. failing to provide Plaintiff with the business name and address of the furnisher who contacted Equifax in connection with the reinsertion of the disputed information, in violation of 15 U.S.C. § 1681i(a)(5)(B)(iii)(II);

  i. failing to provide Plaintiff with a notice that she had the right to add a statement to her file disputing the accuracy or completeness of the disputed information, in violation of 15 U.S.C. § 1681i(a)(5)(B)(iii)(III);

  j. failing to maintain reasonable procedures designed to prevent the reappearance of previously deleted information in Equifax's credit files and credit reports on Plaintiff, in violation of 15 U.S.C. § 1681i(a)(5)(C); and,

  k. failing to notify Plaintiff of the results of its reinvestigation within five (5) days after completion of its reinvestigation, in violation of 15 U.S.C. § 1681i(a)(6)(A).

22. Between approximately May 2015 and the present, Defendant TruPartner willfully failed to comply with the requirements of the FCRA, by, *inter alia*:

  a. failing to conduct an investigation with respect to the disputed information, in violation of 15 U.S.C. § 1681s-2(b)(1)(A);

6

b. failing to review all relevant information provided by the consumer reporting agency concerning the Plaintiff, in violation of 15 U.S.C. § 1681s--2(b)(1)(B); and,

c. failing to modify, delete, or permanently block the reporting of inaccurate, incomplete, or unverifiable information relating to Plaintiff, to consumer report agencies, in violation of 15 U.S.C. § 1681s-2(b)(1)(E).

23. As a result of the Defendants' willful violations of the FCRA, Plaintiff has suffered harm and the Defendants are liable to Plaintiff for actual damages, statutory damages, punitive damages, plus attorney's fees and costs.

## COUNT II
## NEGLIGENT NONCOMPLIANCE WITH THE FCRA

24. In the alternative, Defendants were negligent in failing to comply with the requirements of the FCRA and are liable to Plaintiff for actual damages, plus attorney's fees and costs.

## COUNT III
## INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

25. Defendants' conduct as herein alleged was intentional, reckless, or negligent.

26. Defendants' conduct was so outrageous and intolerable so as to offend generally accepted standards of morality and decency.

27. Defendants' conduct as herein alleged was a cause of Plaintiff's emotional distress.

28. Plaintiff's emotional distress was severe.

29. At law, Plaintiff is entitled to an award of compensatory damages against the Defendants.

30.     Pursuant to KRS 411.184(2), Plaintiff is entitled to an award of punitive damages against the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Angela Wilson, by counsel, demands a trial by jury and a judgment against Defendants for the following relief:

a.   actual damages;

b.   statutory damages;

c.   punitive damages;

d.   attorney's fees and costs;

e.   pre- and post-judgment interest; and,

f.   any other relief to which Plaintiff may appear entitled.

Respectfully submitted,

TAYLOR COUCH PLLC

*/s/ Zachary L. Taylor*
ZACHARY L. TAYLOR
2815 Taylorsville Road, Suite 101
Louisville, Kentucky 40205
Phone | Fax: (502) 625-5000
ztaylor@taylorcouchlaw.com

*Counsel for Plaintiff*