WWR #21353118

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY (COVINGTON)

ANGELA WILSON

    Plaintiff

v.

EQUIFAX, INC., et al.

    Defendants

CASE NO. 2:17-cv-00055-DLB-CJS

## ANSWER

Comes now TruPartner Credit Union, Inc. ("TruPartner"), by and through counsel, and for its Answer to Plaintiff's Amended Complaint hereby states as follows:

1. The Defendant denies for want of knowledge the allegations contained in paragraphs 2, 3 and 21 of Plaintiff's Complaint.

2. The Defendant further denies in full all allegations contained in paragraphs 1, 4, 5, 6, 7-20, 22-30, including all subparts.

3. The Defendant further denies in full all allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. TruPartner states that the Complaint should be dismissed pursuant to Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

2. Defendant states that Plaintiff's claims are barred by relevant statute of limitations.

3. TruPartner states that Plaintiff's Complaint should be dismissed for failure to comply with procedural requirements and further states Plaintiff's Complaint should be dismissed as Defendant's action were neither deceptive nor unfair.

4. TruPartner states that it actions as to the Plaintiff's credit history were used for a permitted purpose.

5. TruPartner states that Complaint should be dismissed insofar as Plaintiff has suffered no actual damages.

6. TruPartner states that any alleged violation occur as a result of a bonafide error notwithstanding the maintenance of procedure as reasonably adapted to avoid such errors.

7. TruPartner states that all claims are barred by the Plaintiff's failure to mitigate damages and by the doctrines of waiver of estoppel, ratification, and laches.

8. The Defendant further claims, pursuant to the doctrine of preemption, Plaintiff's claims for intentional and negligent affliction of emotional distress are preemptive by the consumer protection credit act as well as the fair credit reporting act and are accordingly subject to dismissal.

9. Plaintiff's Complaint shall be dismissed as a result of its failure to comply with Civil Rule 10.

10. Defendant reserves the right to supplement or amend its affirmative defenses based upon newly discovered evidence or as a result of any change in laws.

Wherefore, Defendant respectfully prays that Plaintiff's Complaint be dismissed with prejudice and that the Defendant be awarded its attorney's fees, costs, and any other relief to which it may entitled.

Respectfully submitted

WELTMAN, WEINBERG & REIS CO., L.P.A.

/s/ Jason A. Mosbaugh
Jason A. Mosbaugh  (90549)
Attorney for Defendant TruPartner Credit Union, Inc.
525 Vine Street, Suite 800
Cincinnati, Ohio  45202
(513) 723-2200
facsimile:  (513) 723-6027
*jmosbaugh@weltman.com*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically on August 21, 2018 through the court's ECF System to all ECF participants registered in this case at the email address registered with the court.

/s/ Jason A. Mosbaugh
Jason A. Mosbaugh
Weltman, Weinberg & Reis Co. L.P.A.
Attorney for Defendant, TruPartner Credit Union, Inc.
525 Vine Street, Suite 800
Cincinnati, OH 45202
(513) 723-2239
*jmosbaugh@weltman.com*